IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Edward W. Nottingham**

Civil Action No. 03–cv–01829–EWN–CBS


LEVEL 3 COMMUNICATIONS, LLC, a Delaware limited liability company,

     Plaintiff,

v.

LIEBERT CORPORATION, an Ohio company, and
STILLWELL-HANSEN INC., a New Jersey company,

     Defendants.

---

## COURT'S GENERAL JURY INSTRUCTIONS

---

     Pursuant to Fed. R. Civ. P. 51(b)(1), the court hereby files these instructions in order to

"inform the parties of its proposed instructions."


     Dated this 18th day of January, 2006.


               BY THE COURT:

               s/ Edward W. Nottingham
               _____
               EDWARD W. NOTTINGHAM
               United States District Judge

## 1.  GENERAL PRINCIPLES

COURT INSTRUCTION NO.  1.1
### GENERAL INTRODUCTION — PROVINCE OF THE
### COURT AND JURY

MEMBERS OF THE JURY:

I will now instruct you concerning the law which you must apply in this case.   It is important for you to pay careful attention to the instructions as I explain them to you now.  You will ***not*** receive the instructions in writing, and you will not be allowed to ask during your deliberations that a single instruction, phrase, or part of an instruction be read back to you.

You have two main duties as jurors.   The first is to decide what, as a matter of fact, happened in this case.  The second is to follow the law stated in the instructions of the court, apply the law to the facts, and decide if the party bearing the burden of proof on an issue has proved the issue according to the legal standards which I will discuss momentarily.  All the instructions are important, and you are not to focus on one instruction alone.  You must consider the instructions as a whole.  This is the reason why you cannot ask me to repeat a single instruction, phrase, or part of an instruction after you begin to deliberate.

You are not to be concerned with the wisdom of any rule of law stated in these instructions.  Even though you may have a different opinion as to what the law ought to be, it would be a violation of the oath which you have sworn as jurors to base your verdict on anything other than the law presented in these instructions and the facts which you find.

Counsel have referred to some of the governing rules of law in their arguments.  There is nothing wrong with this, but jurors sometimes think they see a variance between counsel's statements and the court's instructions.  If you think there is a difference between what counsel said about the law and what the court is now telling you, you must heed what the court says.  The court — not the lawyers —  decides what law you must apply.

As members of the jury, you are the sole and exclusive judges of the facts.  You pass upon the evidence.  You determine what witnesses and what evidence to believe.  You resolve conflicts in the testimony.  Nothing I have said during the trial was meant to influence your decision about the facts in any way.

You must perform your duties as jurors without bias or prejudice as to any party.  The law does not permit you to be governed by sympathy, prejudice or public opinion.  The court and the parties expect that you will carefully and impartially consider all of evidence, follow the law, and reach a just verdict, regardless of the consequences.

I have divided these instructions into several parts.  I will start by stating certain general rules that you must keep in mind as you consider the case.  I will next remind you once again what is evidence and what is not evidence in the case and tell you how the law requires you to view the evidence.  Third, I will give you certain instructions concerning one of your most important jobs — judging the credibility of witnesses.  Fourth, I will review the things which plaintiff must prove in order to prevail on its claims in the case.  (I will also go over the things which defendant must prove in order to prevail on the affirmative defense raised by defendant.)  Last, I will explain the rules that you must follow in your deliberations.

COURT INSTRUCTION NO.  1.2
**PREPONDERANCE OF THE EVIDENCE**

The burden is on the plaintiff in a civil action, such as this, to prove every essential element of his claim by a preponderance of the evidence.  If the proof should fail to establish any essential element of plaintiff's claim by a preponderance of the evidence in the case, the jury should find for the defendant as to that claim.

As to the affirmative defense which will be discussed later in these instructions, however, the burden of establishing the essential facts is on the defendant, as I will explain.

What does "a preponderance of the evidence" mean?  To establish a fact by a preponderance of the evidence simply means to prove that something is more likely true than not true.  In other words, a preponderance of the evidence in the case means the greater weight of the evidence.  This rule does not, of course, require proof to an absolute certainty, since proof to an absolute certainty is seldom possible in any case.  So long as you find that the scales tip in favor of the party with the burden of proof on an element of a claim or defense, that element will have been proved by a preponderance of the evidence; if, however, the evidence weighs so evenly that you are unable to find a preponderance on either side, you must resolve the issue against the party bearing the burden of proof.

E. Devitt, C. Blackmar, and M. Wolff, *Federal Jury Practice and Instructions* §
72.01 (4th ed. 1987);
L. Sand *et al.*, *Modern Federal Jury Instructions* ¶ 73.01 (1991).

COURT INSTRUCTION NO.  1.3
**"IF YOU FIND," or "IF YOU DECIDE"**

When I say in these instructions that a party has the burden of proof on any proposition, or when I use the expression "if you find," or "if you decide," I mean you must be persuaded, considering all the evidence in the case, that the proposition is more probably true than not true.

Devitt, Blackmar and Wolff, *Federal Jury Practice and Instructions*, § 72.02 (4th ed. 1987).

## 2.  EVIDENCE & CATEGORIES OF EVIDENCE

That concludes my explanation of the general rules that you must keep in mind as you consider the case.  I will now reiterate what I told you at the beginning of the trial concerning what is — and what is not — evidence in the case.  I will also tell you how the law requires you to consider the evidence, and I will conclude my discussion of the evidence by talking about specific types of evidence.

COURT INSTRUCTION NO. 2.1
**QUESTIONS NOT EVIDENCE**

Statements, assertions, and arguments of the lawyers are not evidence in the case.  Neither are the lawyers' questions.  If a lawyer asks a witness a question which implies that the lawyer knows the answer or which contains an assertion of fact, you may not consider the implied assertion as evidence of that fact.  The lawyers' questions and statements are not evidence; the witnesses' answers are.  You should therefore focus on the witnesses' answers, not the lawyers' questions.

COURT INSTRUCTION NO. 2.2
**COURT'S QUESTIONS TO WITNESSES;
COURT'S COMMENTS ON EVIDENCE**

Similarly, my questions and comments are not evidence in the case. The sole purpose of such questions and comments is to assist the jury in finding the facts and applying the law to those facts. My comments are only expressions of the judge's opinion as to the facts; and the jury may disregard them entirely, since the jurors are the sole judges of the facts. Please remember, however, to distinguish between the judge's comments concerning the facts — which you may disregard — and the judge's instructions concerning the law: the jury is duty-bound to follow the principles of law stated in the judge's instructions.

COURT INSTRUCTION NO. 2.3
**JURY'S RECOLLECTION CONTROLS**

It follows from what I have just said about the judge's and lawyers' remarks that it is the jury's recollection of the evidence which is critical.  If the court's recollection or the lawyers' recollection about the evidence differs from your own, you should rely on your own recollection, not on the statements of the court or the lawyers.

COURT INSTRUCTION NO. 2.4
**EVIDENCE RECEIVED IN THE CASE — STIPULATIONS,
JUDICIAL NOTICE, AND INFERENCES PERMITTED**

The evidence in this case consists of the sworn testimony of the witnesses, regardless of who may have called them, all exhibits received in evidence, regardless of who may have produced them, all facts which have been agreed to or stipulated.

Nothing else is evidence.  Any proposed testimony or proposed exhibit to which an objection was sustained by the court and any testimony or exhibit ordered stricken by the court, must be entirely disregarded.  Do not speculate about what a witness might have said or what an exhibit might have shown.  These things are not evidence, and you are bound by your oath as jurors not to let them influence your decision in any way.

Anything you may have seen or heard outside the courtroom is not proper evidence and must be entirely disregarded.  I further instruct you that you should not try to gather any information about the case on your own while you are deliberating.  Do not conduct any experiments inside or outside the jury room.  Do not bring any books, like a dictionary, or anything else with you (except your notes).  Also, if any of you have brought a cellular telephone with you, you must leave the telephone with the deputy clerk for safekeeping; it must not be in the jury room with you.  Do not conduct any independent research, reading, or investigation about the case, and do not visit any of the places mentioned during the trial.

You are to base your verdict only on the evidence received in the case.   In considering and discussing the evidence received, however, you are permitted to draw, from the facts which you find have been proved, such reasonable inferences as you feel are justified in the light of your experience and common sense — remembering always that the facts and inferences you draw from them must convince you by a preponderance of the evidence.   "Inferences," of course, are simply deductions or conclusions which reason and common sense lead the jury to draw from the evidence received in the case.

COURT INSTRUCTION NO. 2.5
**DIRECT EVIDENCE — CIRCUMSTANTIAL EVIDENCE**

I will now give you several additional rules which you should apply in considering the evidence.

There are two types of evidence from which you may find the truth as to the facts of a case — direct evidence and circumstantial evidence.

Direct evidence is the testimony of one who asserts actual knowledge of a fact, such as an eyewitness. If a witness testified that he saw it raining outside, and you believed him, you would have direct evidence that it was raining.

Circumstantial evidence is proof of a chain of facts and circumstances that indirectly proves a fact. If someone walked into the courtroom wearing a raincoat covered with drops of water and carrying a wet umbrella, this would be circumstantial evidence from which you could conclude that it was raining.

The law makes no distinction between the weight to be given to either direct or circumstantial evidence. Nor is a greater degree of certainty required of circumstantial evidence than of direct evidence. You should weigh all the evidence in the case in arriving at your findings of fact.

COURT INSTRUCTION NO. 2.6
**NOT REQUIRED TO ACCEPT UNCONTRADICTED
TESTIMONY**

Jurors sometimes wonder how to weigh a witness's evidence when the witness has not been contradicted by anyone and yet they simply do not believe that witness. You are not required to accept testimony, even though the testimony is uncontradicted and the witness is not impeached. You may decide, because of a witness's bearing and demeanor, or because of the inherent improbability of his testimony, or for other reasons sufficient to you, that such testimony is not worthy of belief.

Jurors sometimes wonder, also, whether the number of witnesses on an issue makes any difference. The answer is, "no." A party is not required to prove the essential elements of a claim or defense, as defined in these instructions, by any particular number of witnesses. Do not make any decisions based only on the number of witnesses who testified for or against a certain fact or issue. What is more important is how believable each witness was and how much weight you think the various witnesses' testimony deserves. Concentrate on that, not the numbers. You are perfectly free to find that something is true if you believe and give great weight to the word of a witness who said it was true, even though a greater number of witnesses may have testified to the contrary.

COURT INSTRUCTION NO. 2.7
**ALL AVAILABLE EVIDENCE NEED NOT BE
PRODUCED**

The law does not require any party to call as witnesses all persons who may have

been present at any time or place involved in the case, or who may appear to have some

knowledge of the matters in issue at this trial.  Nor does the law require any party to produce as

exhibits all papers and things mentioned in the evidence in this case.


Devitt, Blackmar and Wolff, 3 *Federal Jury Practice and    Instructions*, § 73.11 (4th ed. 1987).

COURT INSTRUCTION NO. 2.8
**OPINION EVIDENCE — EXPERT WITNESS**

The rules of evidence ordinarily do not permit witnesses to testify about their personal opinions.  Any person whom the court has qualified as an "expert witness" is an exception to this rule.  The law allows such witnesses to state their opinion concerning matters in which they profess to be expert, and it also allows them to state their reasons for the opinion.

The fact that the court has qualified any person an "expert witness" does not mean that the court is endorsing or approving that person's testimony. Nor does it mean that you should automatically believe such a witness or that you should give the person's testimony extraordinary weight in your deliberations.  It means only that the court thinks such testimony *might* be helpful to you.  Judgments concerning any expert's credibility and the weight of the expert's testimony must still be made by you alone.

You should consider each expert opinion received in evidence in this case, and give it such weight as you think it deserves.  If you should decide that the opinion of an expert witness is not based upon sufficient education and experience, or if you should conclude that the reasons given in support of the opinion are not sound, or if you feel that it is outweighed by other evidence, you may disregard the opinion entirely.

## **3. CREDIBILITY**

I will now give you certain instructions concerning one of your most important jobs -

judging the credibility of witnesses.   I will first give you some general suggestions; then I will talk

about several specific rules which you can apply in deciding whether to believe certain categories

of witnesses or evidence.

COURT INSTRUCTION NO. 3.1
**CREDIBILITY OF WITNESSES —
DISCREPANCIES IN TESTIMONY**

It must be clear to you by now that you are being asked to resolve various factual issues raised by the parties in the face of very different pictures painted by both sides.  In resolving factual disputes, you will need to decide what evidence to believe.  You, as jurors, are the sole judges of the believability of the witnesses and the weight their testimony deserves.

In deciding what to believe, remember that differing versions of an event do not always mean that someone must be lying about the event.  People sometimes honestly see and hear things differently, depending on their viewpoint.  Some people simply have better memories than others.  One person may honestly recall a once-forgotten event if his or her memory is jogged in some way.  A truthful witness may be nervous and seem to contradict himself or herself.  In weighing a witness's version of a disputed event, you should ask yourselves whether the witness has failed to observe or recall matters of importance, which one might expect the witness to recall, or whether the witness has overlooked or forgotten insignificant details.  You should also ask yourselves whether the witness's version is a product of the sorts of innocent errors which I just mentioned, or whether it results from intentional falsehood.

If you are satisfied that a witness has knowingly given false testimony concerning one fact or event, you have a right to conclude that the witness may have lied concerning other facts or events as well.  You may therefore reject that witness's testimony entirely or you may accept whatever part you think deem worthy of belief.  A person knowingly gives false testimony when that person gives testimony which he or she knows to be untrue, voluntarily and intentionally, and not because of mistake, accident, or other innocent reason.

In the face of vastly different pictures painted by the parties, how can you determine where the truth lies?  I suggest that you ask yourselves the following questions:

(1)     How well was the witness able to see, hear, or know the things about which that witness testified?

(2)     How well was the witness able to recall and describe those things?

(3)     Was the witness's testimony about an event contradicted?  Was it contradicted by what the witness had said or done before he or she testified?  Was it contradicted by the testimony of other witnesses or evidence which strikes you as persuasive?

(4)     Did the witness have an interest in the outcome of this case or the event about which the witness testified?  Did the witness have a bias or prejudice concerning any party or any matter involved in the case?  Did the witness have a motive to see or recall an event in a certain way?

(5)     What was the witness's state of mind, demeanor, and manner on the witness stand?  Did he or she strike you as frank, forthright, and candid?  Was the witness evasive and edgy, as if hiding something?  You watched the witness testify.  Everything a witness said or did on the witness stand counts in your determination.

(6)     In light of all the evidence in the case and your own common sense, how probable or improbable was the witness's testimony?

These are simply some considerations which may help you determine the accuracy of what each witness said.  You should use all the tests for truthfulness that you would use in determining matters of importance to you in your everyday life.  After making your own judgment, you will give the testimony of each witness such weight, if any, as you may think it

deserves.  In making this judgment, you are perfectly free to believe all of what a witness said, part of it, or none of it.

COURT INSTRUCTION NO. 3.2
**IMPEACHMENT —
INCONSISTENT STATEMENTS OR CONDUCT**

You have heard evidence that, at some time before giving testimony here in court, certain witnesses have said or done something which, counsel argues, is inconsistent with the witnesses' trial testimony.

Evidence of prior inconsistent statements or conduct of witnesses was placed before you for the purpose of helping you decide whether to believe the trial testimony of the witnesses in question. If you decide that a witness made an earlier statement (or engaged in conduct) that conflicts with his or her trial testimony, you may consider that fact in deciding how much of the witness's trial testimony, if any, to believe.

In evaluating conflicts between a witness's trial testimony and his or her earlier statements or conduct, you may consider whether the witness has purposely made a false statement or whether it was an innocent mistake; whether the inconsistency concerns an important fact or a small detail; and whether the witness had an explanation for the inconsistency that appealed to your common sense.

It is exclusively your duty, based on all the evidence and your own good judgment, to determine whether a prior statement or conduct was really inconsistent; and, if it was, how much weight you should give to the inconsistent statement or conduct in determining whether to believe all or part of the witnesses' trial testimony.

## 4.  SUBSTANTIVE INSTRUCTIONS:

I am now at that part of the instructions where I will review the elements of what plaintiff must prove in order to prevail on its claims.  I will also define what defendant must prove in order to prevail on its affirmative defense.  This part of the instructions should answer your questions concerning what it is that must be proven in the case, and who must prove it.

COURT INSTRUCTION NO. 4.1
**EFFECT OF INSTRUCTION AS TO DAMAGES**

The fact that I have instructed you as to the proper measure of damages should not be considered as intimating any view of mine as to which party is entitled to your verdict in this case.  Instructions as to the measure of damages are given for your guidance, in the event you should find in favor of the plaintiff from a preponderance of the evidence in the case in accordance with the other instructions.

Devitt, Blackmar and Wolff, 3 *Federal Jury Practice and Instructions*, § 74.02 (4th ed. 1987).

COURT INSTRUCTION NO. 4.2
**DUPLICATE CLAIMS FOR DAMAGES**

The plaintiff has sued for the same injuries on three different claims for relief.  The claims for relief on which the plaintiff has sued and on which you have been instructed are:

4.2.1    A claim that Defendant Liebert breached the contract between the parties by supplying batteries which did not conform with the contract and/or by refusing to indemnify plaintiff against claims of a third party, Lehman, based on the batteries' non-conformance with the contract between the parties;

4.2.2    A claim that defendants intentionally misrepresented the quality of the batteries;

4.2.3    A claim that defendants fraudulently concealed information which they should have disclosed;

4.2.4    A claim that defendants negligently misrepresented the quality of the batteries.

Even if you find for the plaintiff on more than one claim for relief, you may award it damages only once for the same injuries.

## 5.  JURY DELIBERATIONS

Before concluding these instructions, I will give you certain rules which you must follow while you are deliberating.

COURT INSTRUCTION NO. 5.1
**VERDICT — UNANIMOUS — DUTY TO DELIBERATE**

The verdict must represent the considered judgment of each juror. In order to return a verdict, it is necessary that each juror agree. Your verdict must be unanimous.

It is your duty, as jurors, to consult with one another, and to deliberate with a view to reaching an agreement, if you can do so without violence to individual judgment. You must each decide the case for yourself, but only after an impartial consideration of the evidence in the case with your fellow jurors. In the course of your deliberations, do not hesitate to reexamine your own views, and change your opinion, if convinced it is erroneous. But do not surrender your honest conviction as to the weight or effect of evidence, solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

Remember at all times that you are not partisans. You are judges — judges of the facts. Your sole interest is to seek the truth from the evidence in the case.

COURT INSTRUCTION NO. 5.2
**ELECTION OF FOREPERSON - SPECIAL VERDICT**
**[FED. R. CIV. P., RULE 49(a), 28 U.S.C.A.]**

Upon retiring to the jury room, you will select one of your number to act as your foreperson.  The foreperson will preside over your deliberations, and will be your spokeswoman here in court.  A form of special verdict has been prepared for your convenience.  You will take this form to the jury room.

[Form of special verdict read]

E. Devitt, C. Blackmar, and M. Wolff, *Federal Jury Practice and Instructions* § 74.05 (4th ed. 1987).

-26-

COURT INSTRUCTION NO. 5.3
**VERDICT FORMS — JURY'S RESPONSIBILITY**

It is proper to add the caution that nothing said in these instructions and nothing in any form of verdict prepared for your convenience is meant to suggest or convey in any way or manner any intimation as to what verdict I think you should find.  What the verdict shall be is your sole and exclusive duty and responsibility.

COURT INSTRUCTION NO. 5.4
**COMMUNICATIONS BETWEEN COURT AND JURY**
**DURING JURY'S DELIBERATIONS**

If it becomes necessary during your deliberations to communicate with the court, you may write a note, have your foreperson sign the note, and deliver the note to the bailiff with the request that he deliver it to the court.  If, for some reason, your foreperson will not sign the note, then one or more other members of the jury may sign the note.  No member of the jury should ever attempt to communicate with the court by any means other than a signed writing.  Similarly, the court will must always communicate with members of the jury only in writing, or orally here in open court.  If you do find it necessary to send the court a note during your deliberations, please understand that I will not usually be able to respond right away.  I must consider your note, allow the lawyers and parties to be heard concerning the proper response, and then draft a written response.

You will note from the oath about to be taken by the bailiffs that they too, as well as all other persons, are forbidden to communicate in any way or manner with any member of the jury on any subject touching the merits of the case.

Bear in mind also that you are never to reveal to any person — not even to the court — how the jury stands, numerically or otherwise, on the questions before you, until after you have reached a unanimous verdict.